IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| **CRESCENT TOWING and SALVAGE CO., INC.,**<br><br>    *Plaintiff,*<br><br>v.<br><br>**M/T NORA, HER BOILERS, HER TACKLE, HER FURNITURE and APPURTENANCES, IN REM and HILTVEIT ASSOCIATES, INC., IN PERSONAM,**<br><br>    *Defendants.* | Civil Action No. **CV408-164**<br><br>In Admiralty |

## VERIFIED COMPLAINT

**COMES NOW** CRESCENT TOWING and SALVAGE CO., INC. (hereinafter "Crescent"), Plaintiff herein, and brings this Complaint as follows:

1. This is an action within this Court's Admiralty Jurisdiction pursuant to 28 USC § 1333; Supplemental Rules for Certain Admiralty and Maritime Claims, Rule C; the Federal Rules of Civil Procedure, Rule 9(h) and 46 USC § 31301, et seq..

2. Venue is proper in this Court as the vessel is within this District or soon will be within this District.

3. Crescent is a company that provides towing services to vessels, among other services.

4. The M/T NORA (hereinafter "the vessel") is a bulk carrier vessel. The vessel's official number is 12939. She is a Panamanian Flagged vessel. She has a gross registered tonnage of 11,320 and a net registered tonnage of 4,961.

5. The vessel's owners are Hiltveit Associates, Inc., Hauppauge Corporation Center, 150 Motor Company, Hauppauge, NY 11788.

6. The vessel's local agents are Colonial Marine, 26 East Bryan Street, Savannah, Georgia 31401.

## COUNT I

7. Plaintiff hereby incorporates paragraphs 1 through 6 above as if fully stated herein.

8. The Vessel visited the Port of Savannah, Georgia in February, March and May, 2008.

9. The Plaintiff provided towing services to this vessel on February 29, March 1, May 20, May 21 and August 18, 2008, while the vessel was in Savannah, Georgia.

10. These towing services that the Plaintiff rendered for the vessel were necessary for the vessel's movement within the port of Savannah and for her discharge of cargo.. The Plaintiff relied on the credit of the vessel when providing these towing services to the vessel.

11. As a result of the towing services, as referenced above, the Plaintiff invoiced Hiltveit Associates, Inc. for the work performed (or will invoice said company for the current services rendered).

12. The Plaintiff invoiced the vessel interests in the amount of $29,675.88. A copy of said invoices are attached hereto as Exhibit A. The Plaintiff provided tug services to the Vessel on August 19 in the approximate amount of $5,500.00.

13. Although timely demanded, no one has paid for the invoiced services. (Crescent has not invoiced the owner for the towing services rendered on August 19, but requested payment from the owner before the vessel arrived in Savannah. The owner has not paid for these services in advance, as requested.)

14. Crescent Towing is entitled to a maritime lien for these necessaries pursuant to 46 USC § 31301, et seq.

## COUNT II

15. Plaintiff hereby incorporates paragraphs 1 through 14 above as if fully stated herein.

16. The owner of the vessel, Hilveit Associates, Inc., is liable for the towing services that the Plaintiff provided to the vessel. The Plaintiff requests that this Court return a judgment against Hilveit Associates for any amount of the towing services that is not paid by the sale of the vessel.

WHEREFORE, Plaintiff respectfully prays as follows:

a. In respect to Count I, this Court enter judgment against the M/T NORA, her boilers, her tackle, her furniture and appurtenances, <u>in</u> <u>rem</u>, in favor of Crescent Towing pursuant to the Commercial Instruments and Maritime Liens Act (46 USC § 31301, <u>et seq.</u>). Plaintiff also requests that a warrant for the arrest of the M/T NORA be issued and that the Marshal's office be ordered to arrest this vessel for the necessaries provided and that the vessel be sold to satisfy Crescent's claim.

b. In respect to Count II, this Court enter judgment against Hilveit Associates, Inc., <u>in personam</u>, in favor of Crescent for the towing expenses for the vessel.

c. This Court enter such other relief that is warranted and necessary under the circumstances.

This 18th day of August, 2008.

_____
T. Langston Bass, Jr.
State Bar No.: 041320
*Attorney for Plaintiff*

**BRENNAN, HARRIS & ROMINGER LLP**
P.O. Box 2784
Savannah, GA 31402
(912) 233-3399

**CRESCENT TOWING & SALVAGE CO. INC.**
HUTCHINSON ISLAND-P.O.BOX 2704
SAVANNAH, GA. 31401
(912) 236-2571



TO: M/V NORA  AND/OR OWNERS
    HILTVEIT ASSOCIATES INC.
    HAUPPAUGE CORPORATE CTR.
    150 MOTOR PARKWAY
    HAUPPAUGE, NY 11788

PAGE: 1

| | |
|---|---|
| VESSEL NAME: | NORA |
| VOYAGE NUMBER: | |
| CUSTOMER NUMBER: | 93857 |
| PREPARED BY: | WAIN |
| LOCATION: | COLONIAL OIL - SAVANNAH |

| | |
|---|---|
| INVOICE #: | 192107 |
| INVOICE DATE: | 3/05/2008 |
| JOB NUMBER: | 29084 |
| FINISH DATE: | 3/01/2008 |

| DATE | DESCRIPTION | QTY TYPE | QTY | RATE | AMOUNT |
|---|---|---|---|---|---|
| | ANGUS R. COOPER | | | | |
| | GEORGIA | | | | |
| | FLORIDA | | | | |
| 02/29 | ASSISTING VESSEL DOCKING COL.1 | | 8000.000 | .238 | 1,904.00 |
| | OVERTIME 0245/0515 2 TUG 2.5 HRS EACH | | 5.000 | 360.000 | 1,800.00 |
| | ---------------------------------------- | | | | |
| 02/29 | ASSISTING VESSEL UNDOCKING   COL 1 | | 8000.000 | .238 | 1,904.00 |
| | OVERTIME 1930/2035 2 TUGS 1 HR EACH | | 2.000 | 360.000 | 720.00 |
| | ---------------------------------------- | | | | |
| 02/29 | ASSISTING VESSEL REDOCKING   VOPAC | | 8000.000 | .238 | 1,904.00 |
| | OVERTIME 2035/2200 2 TUGS 1.5 HRS EACH | | 3.000 | 360.000 | 1,080.00 |
| | ---------------------------------------- | | | | |

Continued Next Page

PLEASE MAIL PAYMENT TO:        -or-    WIRE PAYMENT TO:
CONCENTRATION ACCOUNT                  CRESCENT TOWING
P.O.BOX 934001                         WACHOVIA BANK, NA    CHARLOTTE, NC.
ATLANTA, GA. 31193-4001                ABA#111025013        ACCT#2000623437922

# EXHIBIT A

**CRESCENT TOWING & SALVAGE CO. INC.**
HUTCHINSON ISLAND-P.O.BOX 2704
SAVANNAH, GA. 31401
(912) 236-2571



TO: M/V NORA AND/OR OWNERS
HILTVEIT ASSOCIATES INC.
HAUPPAUGE CORPORATE CTR.
150 MOTOR PARKWAY
HAUPPAUGE, NY 11788

PAGE: 2

| | |
|---|---|
| VESSEL NAME: | NORA |
| VOYAGE NUMBER: | |
| CUSTOMER NUMBER: | 93857 |
| PREPARED BY: | WAIN |
| LOCATION: | COLONIAL OIL - SAVANNAH |

| | |
|---|---|
| INVOICE #: | 192107 |
| INVOICE DATE: | 3/05/2008 |
| JOB NUMBER: | 29084 |
| FINISH DATE: | 3/01/2008 |

| DATE | DESCRIPTION | QTY TYPE | QTY | RATE | AMOUNT |
|---|---|---|---|---|---|
| 03/01 | ASSISTING VESSEL UNDOCKING   VOPAC | | 8000.000 | .238 | 1,904.00 |
| | OVERTIME 0915/1105 2 TUGS 2 HRS EACH | | 4.000 | 360.000 | 1,440.00 |
| | ** SUBTOTAL: | | | | 12,656.00 |
| | FUEL SUR CHARGE | | | | 5,408.64 |

ALL CHARGES AND CONDITIONS SUBJECT TO CURRENT TARIFF.
ACCOUNTS ARE DUE UPON RECEIPT.  INVOICES NOT PAID WITHIN 30 DAYS OR NOT PAID IN ACCORDANCE WITH
CONTRACTUAL AGREEMENT ARE SUBJECT TO THE GREATER OF 1 1/2% OR THE HIGHEST LEGAL INTEREST RATE
ALLOWED PER MONTH.  25% ATTORNEY FEE DUE ON DELINQUENT BILLS IF PLACED WITH ATTORNEY FOR COLLECTION.

INVOICE TOTAL:    18,064.64

PLEASE MAIL PAYMENT TO:     -or-     WIRE PAYMENT TO:
CONCENTRATION ACCOUNT                  CRESCENT TOWING
P.O.BOX 934001                         WACHOVIA BANK, NA    CHARLOTTE, NC.
ATLANTA, GA.  31193-4001               ABA#111025013        ACCT#2000623437922

# CRESCENT TOWING & SALVAGE CO. INC.
HUTCHINSON ISLAND-P.O.BOX 2704
SAVANNAH, GA. 31401
(912) 236-2571



TO: M/V NORA  AND/OR OWNERS
HILTVEIT ASSOCIATES INC.
HAUPPAUGE CORPORATE CTR.
150 MOTOR PARKWAY
HAUPPAUGE, NY 11788

PAGE: 1

| | |
|---|---|
| VESSEL NAME: NORA | INVOICE #: 195211 |
| VOYAGE NUMBER: | INVOICE DATE: 5/29/2008 |
| CUSTOMER NUMBER: 93857 | JOB NUMBER: 29795 |
| PREPARED BY: WAIN | FINISH DATE: 5/21/2008 |
| LOCATION: COLONIAL OIL - SAVANNAH | |

| DATE | DESCRIPTION | QTY TYPE | QTY | RATE | AMOUNT |
|---|---|---|---|---|---|
| | FLORIDA | | | | |
| | ANGUS R. COOPER | | | | |
| 05/20 | ASSISTING VESSEL DOCKING  COL. 1 | | 8000.000 | .238 | 1,904.00 |
| | ---------------------------------------- | | | | |
| 05/21 | ASSISTING VESSEL UNDOCKING COL.1 | | 8000.000 | .238 | 1,904.00 |
| | OVERTIME 0045/0150 1 TUG 1 HR | | 1.000 | 360.000 | 360.00 |
| | ---------------------------------------- | | | | |
| 05/21 | ASSISTING VESSEL DOCKING VOPAC | | 8000.000 | .238 | 1,904.00 |
| | OVERTIME 0150/0335 1 TUG 2 HRS | | 2.000 | 360.000 | 720.00 |
| | VESSEL SAILED W/OUT TUG SERVICE | | | | |
| | ** SUBTOTAL: | | | | 6,792.00 |
| | FUEL SUR CHARGE | | | | 4,784.24 |
| | SECURITY SURCHARGE | | | | 35.00 |

ALL CHARGES AND CONDITIONS SUBJECT TO CURRENT TARIFF.
ACCOUNTS ARE DUE UPON RECEIPT. INVOICES NOT PAID WITHIN 30 DAYS OR NOT PAID IN ACCORDANCE WITH
CONTRACTUAL AGREEMENT ARE SUBJECT TO THE GREATER OF 1 1/2% OR THE HIGHEST LEGAL INTEREST RATE
ALLOWED PER MONTH.  25% ATTORNEY FEE DUE ON DELINQUENT BILLS IF PLACED WITH ATTORNEY FOR COLLECTION.

INVOICE TOTAL: 11,611.24

**PLEASE MAIL PAYMENT TO:**   -or-   **WIRE PAYMENT TO:**
CONCENTRATION ACCOUNT          CRESCENT TOWING
P.O.BOX 934001                 WACHOVIA BANK, NA   CHARLOTTE, NC.
ATLANTA, GA. 31193-4001        ABA#111025013   ACCT#2000623437922

**ESTIMATE OF CHARGES FOR M/T NORA**

VESSEL DUE MONDAY 8-187-08

| | |
|---|---|
| VESSEL DOCK COL 1 | $ 1,904.00 |
| UNDOCKING COL 1 | $ 1,904.00 |
| 1 T/HR O/T | $ 720.00 |
| REDOCKING VOPAC | $ 1,904.00 |
| 2 T/HRS O/T | $ 720.00 |

NO TUG ON DEPARTURE

| | |
|---|---|
| SUBTOTAL | $ 6,792.00 |
| 34% F/S | $2,309.28 |
| SUBTOTAL | $ 9,101.28 |
| SSC | $ 35.00 |
| TOTAL | $ 9,136.28 |

**THIS IS ONLY A ESTIMATE AND SUBJECT TO CHANGE .**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| CRESCENT TOWING and SALVAGE CO., INC., Plaintiff, | Civil Action No. _____ |
| v. | In Admiralty |
| M/T NORA, HER BOILERS, HER TACKLE, HER FURNITURE and APPURTENANCES, IN REM and HILTVEIT ASSOCIATES, IN PERSONAM, Defendants. | |

## VERIFICATION

This day appeared before me, the undersigned notary public, Edward W. Bazemore, who being duly sworn, deposes and says as follows:

1. That he is the manager for Crescent Towing and Salvage Co. in Savannah, Georgia.

2. To the best of Edward W. Bazemore's knowledge, information and belief, the facts set forth in the foregoing Complaint are true and correct. As the Plaintiff's manager, he has knowledge concerning the services provided to the vessel, the billing sent to the vessel and the vessel's failure to pay for the necessaries which were provided to the vessel.

FURTHER AFFIANT SAITH NOT.

This 18th day of August, 2008.

_____
Edward W. Bazemore

Sworn to and subscribed before me
this 18th day of August, 2008.

_____
Notary Public

